1

2

3

4

5

6                 UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF CALIFORNIA

8

9  STEPHANIE CHAVEZ,                No.  2:18-cv-03137-JAM-AC
   individually, and on behalf of
10 other members of the general
   public similarly situated,
11                                  **ORDER GRANTING DEFENDANT'S**
                Plaintiff,          **MOTION TO DISMISS**
12
        v.
13
   RSCR CALIFORNIA, INC., d/b/a
14 RESCARE, INC., a Delaware
   corporation; and DOES 1
15 through 100, inclusive,

16              Defendants.

17

18      Plaintiff Stephanie Chavez ("Chavez" or "Plaintiff") brings

19 this putative class action against RSCR California, Inc.

   ("ResCare" or "Defendant") for violations of California labor
20
   law, including failing to compensate Chavez and other non-exempt
21
   employees for all hours worked, missed meal periods, and missed
22
   rest breaks.  First Amended Compl. ("FAC"), ECF No. 5.  Defendant
23
   moves to dismiss.  Mot., ECF No. 8.
24
        For the reasons set forth below, the Court GRANTS
25
   Defendant's motion.[1]
26

27 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for March 5, 2019.

                               1

I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Stephanie Chavez, a resident of California, worked as a healthcare aide in Defendant RSCR California, Inc.'s HomeCare Services line of business from June 2017 until March 2018.  FAC ¶¶ 3, 18.  Chavez's main job duty was to perform personal care tasks for clients, including assisting with: personal hygiene and grooming; laundry and housekeeping; transportation; errands; and cooking.  Id. ¶ 18.  Chavez alleges that ResCare classified her as a non-exempt employee and payed her hourly. Id. ¶ 19.  Chavez further alleges that ResCare had the authority to hire and terminate her, set work rules and conditions governing her employment, and to supervise her daily employment activities.  Id. ¶ 20.

Chavez alleges ResCare failed to compensate her for missed meal periods.  Id. ¶ 19.  Specifically, Chavez alleges ResCare required her to remain on-call to be assigned to a client when she was not attending to her regular clients; did not authorize and permit her to take meal periods while on-call; required her to work during meal periods in order to monitor, assist, and respond to clients when necessary; and never informed her of her meal period rights.  Id. ¶ 46.

Similarly, Chavez alleges ResCare did not permit her to take rest periods while on call; required her to work during rest periods in order to monitor, assist, and respond to clients when necessary; required her to take on-duty rest periods by restricting the types of activities she could engage in during her rest periods; and failed to inform her of her right to rest periods.  Id. ¶ 55.

Additionally, Chavez alleges ResCare failed to pay minimum wages when it did not compensate her for (1) travel time, including travel to and from clients' homes and while performing errands for clients, and (2) time spent on-call, when she was required to immediately respond to ResCare's calls and promptly report to the client's home. Id. ¶¶ 19, 61.

Chavez further alleges she did not receive all wages owed at the time of her termination, did not receive accurate wage statements, and was not reimbursed for necessary business-related expenses. Id. ¶¶ 29-31. Chavez alleges ResCare intentionally and willfully failed to pay her, at her termination, for wages, earned and unpaid, including for travel time, on-call time, and premium wages for failing to authorize and permit legally mandated meal and rest periods. Id. ¶ 65. Chavez alleges wage statements furnished by ResCare were inaccurate because, among other things, they failed to include the total number of hours she worked by excluding hours for travel time and on-call time. Id. ¶ 71. Additionally, Chavez alleges that ResCare intentionally and willfully failed to reimburse her necessary business-related expenses and costs including for the purchase of personal protective equipment such as sanitary gloves, for the use of her personal vehicle to perform errands for clients, and for the use of her personal cellular phones to communicate with ResCare and to record work time. Id. ¶ 78.

Defendant RSCR California, Inc. is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of Kentucky. Eisenmenger Decl. to Notice of Removal, ECF No. 1-4, ¶ 2.

On October 19, 2018, Chavez filed the Complaint against ResCare in the Superior Court of the State of California, County of San Joaquin (Case No. STK-CV-UDE-2018-13135), alleging class claims for violations of the California Labor Code and California Business & Professions Code. Compl., EFC No. 1, at 17-38. ResCare removed the case to federal court on December 3, 2018, alleging jurisdiction under CAFA. Notice of Removal, ECF No. 1, at 1-15; 28 U.S.C. § 1332(d).

On December 17, 2018, Chavez filed the operative First Amended Complaint, bringing six causes of action against ResCare for purported violations of the following sections of the California Labor Code: (1) §§ 226.7 and 512(a) (unpaid meal period premiums); (2) § 226.7 (unpaid rest period premiums); (3) §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (4) §§ 201 and 202 (final wages not timely paid); (5) § 226(a) (non-compliant wage statements); and (6) §§ 2800 and 2802 (unreimbursed business expenses). FAC. Chavez also asserts a claim under California's Unfair Competition Law ("UCL"). Id; Cal. Bus. & Prof. Code § 17200. Chavez brings the FAC on behalf of a putative class consisting of "[a]ll current and former non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." FAC ¶ 11. Chavez has clarified the putative class period would run from October 19, 2014 to the present. ECF No. 13, at 1.

ResCare moves to dismiss the First Amended Complaint, in its entirety, for failure to state a claim. Mot., ECF No. 8. Chavez opposes the motion. Opp'n, ECF No. 14.

## A.   Unpaid Meal and Rest Period Claims

### 1.   Failure to State a Claim

ResCare contends that the unpaid meal and rest period claims must be dismissed because Chavez only relays the generic work-related tasks she allegedly performed during her meal and/or rest periods, and fails to allege any specific instance she was denied such breaks or how ResCare operated to actually prevent or deny her those meal and/or rest periods.  Mot. at 11-13.

While Chavez does allege certain facts "consistent with" the denial of meal and rest periods, the allegations in the complaint "stop[] short of the line between possibility and plausibility of entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Chavez states why she was allegedly prevented from taking meal or rest breaks, for example alleging that ResCare required her to "work during meal [and rest] periods in order to monitor, assist, and respond to clients when necessary."  FAC ¶¶ 46, 55.  But Chavez fails to describe what ResCare actually told her or did to interfere with those breaks, alleging only that ResCare "did not authorize and permit [her] to take meal [and rest] periods while on-call."  FAC ¶¶ 46, 55.  These allegations are factually lacking and border on wholly conclusory.

Additionally, Chavez's failure to plead at least one occasion on which she was impeded from taking a meal or rest break likely runs afoul of the Ninth Circuit's decision in Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015).  See Landers, at 645-46

(holding that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."); Bush v. Vaco Tech. Servs., LLC, No. 5:17-cv-05605-BLF, 2018 WL 2047807, at *8 (N.D. Cal. May 2, 2018) (finding the reasoning of Landers, based on the Ninth Circuit's reading of Twombly and Iqbal, persuasive in determining overtime claim asserted under the California Labor Code); see also Guerrero v. Halliburton Energy Servs., Inc., No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting district court cases applying Landers standard to meal and rest period claims under the California Labor Code). Moreover, Chavez never actually alleges she personally worked any shift that was long enough to trigger meal and rest period obligations.

### 2. "Personal Attendant" Exemption

ResCare further argues Chavez's meal and rest period claims must be dismissed pursuant to Industrial Welfare Commission Wage Order No. 15–2001 ("Wage Order 15") (codified at 8 Cal. Code Regs. § 11150). Mot. at 13-14. Under Wage Order 15, "personal attendants" are exempt from meal and rest period requirements. Wage Order 15, § 1(B). A "personal attendant" is defined as "any person employed by . . . any third party employer recognized in the health care industry to work in a private household, to supervise, feed, or dress a child or person who by reason of advanced age, physical disability, or mental deficiency needs supervision. The status of 'personal attendant' shall apply when no significant amount of work other than the foregoing is

6

required."  Wage Order 15, § 2(J).  The Department of Labor
Standards Enforcement (DLSE) has interpreted "significant amount"
of work under the regulation to mean an amount exceeding 20
percent of the total hours worked.  DLSE Opinion Letter
2005.11.23, at 2, n.3.

Chavez alleges in the complaint that, as a home healthcare
aide, her "main job duty was to perform personal care tasks for
clients, including: assisting with personal hygiene and grooming;
performing laundry and housekeeping; transportation; running
errands; and cooking."  FAC ¶ 18.  These job duties are fully
consistent with those of a personal attendant under Wage Order
15.  DLSE Opinion Letter 2005.11.23, at 3.  However, Chavez would
fall outside the definition of a personal attendant if more than
20 percent of her total hours worked were on "general
housekeeping duties" unrelated to the independent living of the
child or person or which cannot be performed by that child or
person.  Id.  But Chavez never alleges she spent more than 20
percent of her working time on such unrelated, general
housekeeping activities.

Thus, taking the facts as alleged, this Court concludes
Chavez is a "personal attendant" and is thereby exempt from meal
and rest period requirements.

Accordingly, Chavez's claims for unpaid meal and rest period
premiums are dismissed without prejudice.

B.   Unpaid Minimum Wage Claim

ResCare argues Chavez's claim for unpaid minimum wages is
defective because it is "entirely void of substantive factual
allegations."  Mot. at 15.  Chavez does identify the tasks for

which she allegedly was not paid: travel time and on-call time. FAC ¶ 61. But Chavez fails to provide any other factual detail regarding the travel time and on-call time sufficient to state a plausible claim for non-payment of minimum wages. Iqbal, 556 U.S. at 678 (noting that the "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."); Twombly, 550 U.S. at 570.

Thus, Chavez's claim for unpaid minimum wages is dismissed without prejudice.

C.   Final Wages Not Timely Paid and Non-Compliant Wage
        Statement Claims

ResCare contends that Chavez's claims for wages not timely paid and non-compliant wage statements are both themselves inadequately-pled and premised upon her inadequately-pled claims for unpaid minimum wages, rest periods, and meal periods. Mot. at 16-17. This Court agrees. Each claim is supported by a sole, conclusory allegation in the complaint. FAC ¶¶ 65, 71. These causes of action are also dependent on Chavez's claims of unpaid wages for travel time and on-call time, rest periods, and meal periods, but, as discussed above, the complaint does not present allegations sufficient to render those claims plausible. Moreover, Chavez does not personally allege what wages she was owed when her employment ended, or what wages were not included in her final wage payment. See Byrd v. Masonite Corp., No. 5:16-cv-00035-JGB-KK, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016).

Chavez's claims for final wages not timely paid and non-compliant wage statements are dismissed without prejudice.
///

8

1          D.   Unreimbursed Business Expenses Claim

2          ResCare similarly moves to dismiss Chavez's claim for

3    unreimbursed business expenses as inadequately pled.  Chavez

4    alleges the expenses include the purchase of personal protective

5    equipment such as sanitary gloves, the use of personal vehicles

6    to perform errands for clients, and the use of personal cellular

7    phones to communicate with ResCare and to record work time.

8    FAC ¶ 78.  However, Chavez fails to provide a single instance

9    when such a cost was actually incurred and not reimbursed.  See

10   Franke v. Anderson Merchandisers LLC, No. 2:17-cv-03241-DSF-AFM,

11   2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017).

12         Chavez's claim for unreimbursed business expenses is

13   dismissed without prejudice.

14         E.   UCL Claim

15         Chavez's UCL claim is predicated on her preceding causes of

16   action for violations of the California Labor Code.  Because

17   Chavez has failed to sufficiently plead these underlying causes

18   of action, her cause of action for a UCL violation is also

19   dismissed without prejudice.

20

21                     III.   ORDER

22         For the reasons set forth above, this Court GRANTS

23   Defendant's Motion to Dismiss.  ECF No. 8.  However, because

24   amendment is not futile, this Court grants Plaintiff leave to

25   amend.  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-

26   52 (9th Cir. 2003) ("Dismissal with prejudice and without leave

27   to amend is not appropriate unless it is clear . . . that the

28   complaint could not be saved by amendment.").

9

If Plaintiff elects to amend her complaint, Plaintiff shall file a Second Amended Complaint within twenty days of this Order. Defendant's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: March 25, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE